**O. Kenneth HICKMAN et al.**

v.

**UNITED STATES of America.**

Civ. A. No. 4956.

United States District Court
W. D. Louisiana, Shreveport Division.

March 21, 1956.

———◆———

Tucker, Bronson & Martin, Shreveport, La., for plaintiffs.

T. Fitzhugh Wilson, U. S. Atty., and Edmund E. Woodley, Asst. U. S. Atty., for Western District of Louisiana, Shreveport, La., M. Hepburn Many, Asst. U. S. Atty., for Eastern District of Louisiana, New Orleans, La., for the Government.

BENJAMIN C. DAWKINS, Jr., Chief Judge.

Since our original opinion herein, reported at 135 F.Supp. 919, plaintiffs have filed a motion "to reargue and resubmit". We have studied carefully plaintiffs' brief and the authorities cited in support of this motion. From this we have concluded that our original ruling, holding that we have no jurisdiction under the Tucker Act, 28 U.S.C.A. § 1346, must stand:

Contrary to the allegations of their complaint, and the argument advanced in their original brief, plaintiffs now say they stand, not on Act 315 of 1940, LSA–R.S. 9:5806, but upon the original contract, the deed to the Government in which the minerals were reserved. If this is so—if they actually have abandoned their reliance upon the Legislature's having extended vicariously the life of the servitude—they fail to state a claim upon which relief can be granted, because the reserved mineral interest expired, was extinguished *by its own terms*, on November 13, 1940, ten years from its original date.

If they rely upon the contract *and* the Statute, which they actually are doing, this Court has no jurisdiction because the express terms of the contract, limiting the life of the servitude to ten years in the absence of development, would be rendered nugatory by the Act of 1940, *without the Government's consent:* a quasi-contract.

Had the mineral reservation contained *no* stipulation limiting its life, plaintiffs might be in a better position. Then they might rely upon the State law to fill the silence of the contract, and bring their claims within the Tucker Act. Then they might argue with some force that the parties impliedly agreed to be bound by the provisions of Louisiana law, present or future, regarding the extinguishment *vel non* of mineral servitudes reserved in sales to the Government. But this contract was not silent! It spoke clearly on the very subject that is here chiefly involved, namely, the term of the servitude. The Act of 1940 would nullify that highly important provision of the contract, and in doing so, it would create a new contract and supply a consent that never existed—a quasi-contract forced upon the Government by legislative fiat.

If the contract had provided for a mineral reservation limited to a term of five years, instead of ten, plaintiffs surely would have no rights under the Act of 1940. It is only because that Statute became effective a few months before expiration of the ten-year term provided by the contract that plaintiffs have conceived this claim, nearly fifteen years later. Were it not for the Act they would not be here; and it is because the Act seeks to strike down the original agreement, to substitute a new contract and to supply a consent that was never given, that this is at best a contract "implied in law", which we have no jurisdiction to enforce.

For these reasons, and those expressed heretofore, plaintiffs' motion must be denied.